**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              CIV 16-0784 MCA/KBM
                                 CR 11-1203 MCA

DANNY KEVIN BRAWNER,

       Defendant.

**ORDER GRANTING GOVERNMENT'S REQUEST FOR *BECKLES* STAY**

THIS MATTER is before the Court on Defendant's Petition to Vacate Sentence Pursuant to § 2255 Motion *(CV Doc. 1, CR Doc. 58).* In its Response to the Motion, the United States requests that this matter be stayed until the Supreme Court hands down its decision in *Beckles v. United States*, (S. Ct. No. 15-8544) as to: "(1) whether the holding in *Johnson v. United States* [135 S. Ct. 2551 (2015)] applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review in which the sentence was enhanced by the residual clause in § 4B1.2." *CV Doc. 4* at 11. The Supreme Court heard arguments in the *Beckles* case on November 28th, and a decision is expected before the summer recess in 2017. Clearly, the Court would be aided by such guidance here because Petitioner contends *Johnson* invalidated the use of the career offender guideline to enhance his sentence.

Three recent unpublished decisions by the Tenth Circuit have addressed the propriety of a *Beckles* stay. Those decisions persuade this Court that it must address the merits of a *Johnson* claim where the defendant "will effectively be denied his right to timely resolution of his § 2255 motion." *United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016), quoting *United States v. Miller*, No. 16-8080, slip op. at 7(10th Cir. Nov. 2, 2016) (unpublished) (issuing writ of mandamus and directing district court to vacate stay and address merits); *United States v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (unpublished) (same).

In his Reply, Defendant Brawner contends that a stay in his case must be denied based on the rationale set forth in those cases:

> If Mr. Brawner prevails on his *Johnson* claim and his claim of incorrect calculation of guideline range, his guideline range then would be 100-125 months. He has already been incarcerated since April 19, 2011. Under his correctly calculated guideline range there is a possibility that under a corrected sentence his release date would fall prior to a decision in *Beckles*. There is thus "a fair possibility that the stay for which [the government] prays will work damage to" Mr. Brawner. *Landis*, 299 U.S. at 255. Accordingly, the government "must make out a clear case of hardship or inequity in being required to go forward." *Id*. It has not tried to do so, and for good reason. If the government is right that *Beckles* will be decided before Mr. Brawner's case, this Court will have the benefit of *Beckles* regardless. All the government is really asking for is the luxury of not having to litigate the issues in the meantime. Mr. Brawner's strong interest in not being forced to serve more time in prison than is than is called for by the sentence that would be imposed should he prevail outweighs the government's interest in this convenience.

*Doc. 5* at 32. The Court, however, respectfully disagrees that a *Beckles* stay of these proceedings would prejudice the defendant.

As set forth above, Defendant Brawner has been incarcerated for approximately 68 months (April 2011 – December 2016), which is well below the

2

100-125 applicable guideline range he estimates if successful on the merits of his

§ 2255 Motion. As Petitioner acknowledges, the *Beckles* case should be decided

*at the latest* in June 2017 – just 6 months from now. Assuming that Brawner is

successful on the merits and has accurately predicted the corrected applicable

guideline range, he still could not be released with full good time credit until he

had served 85 months if Chief Judge Armijo chose to sentence him at the *lowest*

end of a 100-125 month range.

Thus, it appears that the granting of a stay will not effectively operate as a

dismissal of Defendant's § 2255 claims. Therefore, the Court will exercise its

discretion and stay these proceedings until the Supreme Court issues its decision

in the *Beckles* case and hopefully provides the trial courts with the guidance they

so greatly need.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE